NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC DANIEL MELARA-MARTINEZ; EVELYN CAROLINA RAMOS RUIZ; STEVEN MISAEL MARTINEZ RAMOS; ERICK ALEXIS MELARA-RAMOS,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-2187<br><br>Agency Nos.<br>A201-667-812<br>A203-461-200<br>A203-461-201<br>A201-667-813<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025**
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Eric Daniel Melara-Martinez, Evelyn Carolina Ramos Ruiz, and their minor

children Erick Melara Ramos and Steven Martinez Ramos ("Petitioners") are natives

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and citizens of El Salvador. They appeal a decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). "[O]ur review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). We review the BIA's legal conclusions de novo and factual findings for substantial evidence. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020) (citing *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). We deny the petition.

1. Substantial evidence supports the BIA's denial of Petitioners' asylum and withholding-of-removal claims on the ground that they failed to show the Salvadoran government is "unable or unwilling" to protect them from harm.[1] *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc). Petitioners argue that the BIA improperly based its decision on their failure to report the threats they received in El Salvador to the police. *See id.* at 1069 (holding that "the failure to report to authorities" alone is not "outcome determinative"). But the

---

[1] Contrary to the Government's contention, this issue was exhausted, as the BIA addressed it on the merits. *See Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011) (explaining that exhaustion is met if the BIA chooses to consider an issue on the merits despite a procedural default).

BIA appropriately "examine[d] 'all relevant evidence in the record,'" *id.* (citation omitted), including the State Department's country report and news articles. As the BIA explained, those sources "show[] that the Salvadoran government takes steps to prosecute corruption and gang violence, even if it is sometimes not successful in doing so." A reasonable adjudicator could thus conclude that Petitioners failed to show that Salvadoran authorities would likely be unable or unwilling to protect them. *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021). Petitioners' subjective fears of police corruption, for which they offer no concrete basis, do not compel the opposite conclusion. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064–65 (9th Cir. 2020).

2. Substantial evidence also supports the BIA's denial of CAT relief. In deciding whether a petitioner has satisfied their burden of demonstrating that it is more likely than not that they will be tortured if removed, the BIA "must consider all relevant evidence, including but not limited to the possibility of relocation within the country of removal." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022) (quoting *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc)). Here, Melara-Martinez and Ramos Ruiz testified that gang members threatened them near their home in Isla La Pirraya. But Ramos Ruiz's parents live thirty minutes away from Isla La Pirraya by boat, in the town of San Sebastian. After Melara-Martinez and Erick fled El Salvador, Ramos Ruiz and Steven stayed with her parents

in San Sebastian, and Ramos Ruiz testified that she never received any threats there. The BIA thus reasonably concluded that Petitioners could more likely than not avoid torture by relocating within El Salvador to live with Ramos Ruiz's parents. *See Gutierrez v. Garland*, 106 F.4th 866, 880 (9th Cir. 2024).

**PETITION DENIED.**